## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRETT DIWA,
individually,  and on behalf of all
others similarly situated,

Plaintiff,

v.                                                    Case No.:

OMNI MANAGEMENT GROUP LLC, ALL
SEASONS TRAVEL AND RESORT INC. d/b/a
VACATION VILLAS OF FLORIDA; and LAWRENCE
FLYNN,

Defendants.
_____/

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT

Plaintiff, BRETT DIWA ("Diwa"), individually and on behalf of all others similarly situated (collectively "Plaintiff"), by and through the undersigned counsel, sues Defendants, OMNI MANAGEMENT GROUP LLC ("Omni"), ALL SEASONS TRAVEL AND RESORT INC. ("All Seasons"); and LAWRENCE FLYNN, individually, (collectively "Defendants"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") overtime wage provisions, and states as follows:

## INTRODUCTION AND PRELIMINARY STATEMENT

1.      Defendants operate a business enterprise selling timeshare vacation packages and other travel promotions related in part or whole to a timeshare resort called Silver Lakes, located in Kissimmee, Florida, from a call center type office in Tampa, Florida.

2.      Defendants operate out of primarily one physical principal office location located at 10500 University Drive, in Suites #190, and #180, as well as utilizing Silver Lakes Resort for

additional operations, and use the fictitious names of "Vacation Villas of Florida."

3.     Defendants have a high turnover of employees and they historically hire a large group of people effectively working as inside sales representatives, including Plaintiff, under various job titles including "Sales Representative," "Travel Coordinator," "Reservationist," "Customer Service Representative," or simply "Telemarketer" (collectively "inside sales representatives") and all of which were hourly paid employees hired with a promise of commissions and bonuses.

4.     Defendants change the pay plans and commission structure routinely and pervasively with the intention to mislead and confuse workers and to discourage complaints and lawsuits or claims for unpaid wages and commissions.

5.     Eventually, all inside sales representatives are paid on a convoluted, confusing, and weekly changing base pay plan with eligibility for commissions.

6.     Defendants hired Plaintiff, and all others similarly situated, to work in a high pressured, **"boiler room"** type sales environment with a full time and mandatory work schedule under the micro-management of Defendants, subject to quotas, and under a willful misclassification of Plaintiff, and this class of employees, as salaried exempt employees in order to avoid all of Defendants' obligations and FICA taxes, and simply put, to reduce expenses, increase profits, and evade the laws.

7.     Defendants also willfully edit, manipulate, and falsify time records in an intentional effort to conceal evidence of overtime hours worked by inside sales representatives.

8.     Plaintiff, and all similarly situated, current and former inside sales representatives, were all misclassified by Defendants as salaried exempt employees or subjected to a common

unlawful and fraudulent practice of shaving and editing time records to evade the overtime requirements of the FLSA.

9.      Plaintiff brings this action for violation of the Fair Labor Standards Act individually and on behalf of all others similarly situated recover the overtime wages stolen by Defendants in there willful scheme to evade the overtime wage requirements of the FLSA.

10.     Defendants willfully misclassified Plaintiff and the class of similarly situated inside sales reps as exempt from overtime, and willfully refused to pay them overtime wages.

11.     Alternatively, Defendants had a policy and practice of refusing to pay a premium for overtime hours worked to Plaintiff and the class of similarly situated, paying them only straight time, or not at all, as well as editing or removing overtime hours they knew, saw and were aware had been worked by Plaintiff and the class of similarly situated.

12.     In this pleading, "Defendants" means the named Defendants and any other corporation, organization or entity responsible for the unlawful employment practices complained of herein (discovery may reveal additional Defendants that should be included).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action involves a Federal Statute, 29 U.S.C. §216 (b), the Fair Labor Standards Act.

14.     This Court has personal jurisdiction over this action because Defendants operated substantial business in this District in Tampa, Hillsborough County, Florida and the damages at issue occurred in this District.

15.     Venue is proper to this Court pursuant to 29 U.S.C. §216(b), and the acts

complained of accrued within this District at Defendants' primary office located in Tampa, Hillsborough County, Florida.

## THE PLAINTIFF

16.     Plaintiff Diwa resided in Tampa, Hillsborough County, Florida at all times material to the instant action.

17.     At all times relevant to this lawsuit, Plaintiff worked for the Defendants at Defendnats' corporate office in Tampa, Hillsborough County, Florida.

18.     Plaintiff Diwa worked for Defendants from November, 2016, until November, 2018, in the call center and Defendants' offices, as a Sales Representative.

19.     Plaintiff's primary duties were to schedule appointments,  solicit people to tour Silver Lake Resort timeshare properties and to sell them vacation packages or additional travel plans.

20.     Plaintiff was never paid a premium for overtime hours, and his pay stub would never reflect more than forty (40), and usually "40" as the total hours worked, despite the fact that he had a mandatory corporate schedule which required overtime hours, working Monday to Saturday from 2pm until 10pm.

21.     Even though the shift allegedly ended at 10pm, Plaintiff regularly worked until 11pm and sometimes until 12am.

22.     Plaintiff rarely, if ever, was able to take any meal break and regularly worked fifty (50) to fifty-five (55) hours per week.

23.     As a call center employee, Plaintiff Diwa was paid $10.00 per hour during training, and after he earned his second commission, was paid $8.25 per hour thereafter.

24.     Plaintiff was strangely classified by Defendants as a "salaried" employee, but in fact was not on any salary, and was subject to deductions for being late or leaving early, and changes in his weekly pay depending upon sales and hours.

25.     Plaintiff was subject to discipline if he was late or left early and could not vary his schedule or shift or come and go as he pleased.

26.     Plaintiff was never paid a premium for overtime hours, and Plaintiff's pay stubs always reflected no more than forty (40) hours worked.

### The Defendants

27.     OMNI MANAGEMENT GROUP LLC. is a Florida For Profit Corporation, with its principal place of business located at 10500 University Drive, in Suites #190, and 180, Tampa, Fl 33612.  The company is owned, managed, and controlled by Defendants Lawrence Flynn.  Defendants may be served through its registered Agent, Lawrence Flynn, at the same corporate address in Suite #180.

28.     ALL SEASONS TRAVEL AND RESORT INC. is a FOREIGN For Profit Corporation, with its principal place of business located at  10500 University Drive, in Suites #190, and 180, Tampa, Fl 33612.   The company is owned, managed, and controlled by Defendant Lawrence Flynn.  Defendant may be served through its registered Agent, Lawrence Flynn at the same corporate address in Suite #180.

29.     Upon information and belief both Omni and All Seasons operated under the business name of Vacation Villas of Florida.

30.     Defendant, Lawrence Flynn, is an owner of Omni and All Season, the highest ranking offer, and day to day manager of the businesses including Vacation Villas of Florida.

31.     Neither Omni nor All Season have a human resources (HR) department or HR officer.

32.     Omni and All Seasons are involved with making decisions regarding all hiring, firing and disciplinary decisions, compensation policies, pay plans and pay practices including the unlawful pay practices complained of herein.

33.     Upon information and belief, Defendants operated all businesses at a single principal place of business, with the same officers, owners and sharing of employees, independent contractors and all work being performed as single common business enterprise.

34.     Lawrence Flynn is individually an "Employers" within the meaning of the FLSA as he set the compensation plans, work schedules, and directed and supervised the work of Plaintiff and all others similarly situated.   He is also the highest ranking officer, manager and one of the primary shareholders in the companies.

35.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for the relevant time periods pertinent to this Complaint.   Said differently, Defendants are subject to the Fair Labor Standards Act.

36.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a), selling vacation plans across state lines, accepting and processing payments over the internet and wires, sending mail interstate, and contacting and calling upon citizens of the United States and of foreign countries from their offices located in Tampa, Florida.

37.     Plaintiff was an employee of Defendants within the meaning of FLSA § 203.

38.     Upon information and belief, the Defendant corporations individually and combined have business revenues exceeding $500,000.00 annually and are an employer subject to and covered by the FLSA under enterprise coverage.

39.     Alternatively, Plaintiff was engaged in interstate commerce, sending mail interstate and internationally, calling upon and soliciting and selling to persons interstate and internationally, and processing and accepting payments of funds including by credit cards across state lines and internationally.

## GENERAL ALLEGATIONS

40.     Payroll Checks were paid to Plaintiff on the accounts of Vacation Villas of Fla, (a fictitious name operated by Defendant All Seasons Travel and Resort Inc.), and under Omni.

41.     Defendants commingled funds for the multiple corporations, shared employees, offices, supervision, policies, procedures and pay practices such that they are essentially the alter-ego of each other, a single business enterprise and Joint Employers.

42.     Employees, including Plaintiff, had no idea which corporation or company they were performing work for and which company or entity would pay them, as Defendants were evasive and less than forthright about who they worked for.

43.     The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular hourly rate of pay for any hours worked over forty (40) in a week.  See 29 U.S.C. § 207(a)(1).

44.     The FLSA exempts certain employees from the overtime requirements.  However, an "employer bears the burden of proving an exemption applies, and we construe FLSA exemptions narrowly."  *Adams v. BSI Mgmt. Sys. Am.*, 523 F. App'x 658, 660 (11th Cir. 2013)

citing *Abel v. S. Shuttle Servs., Inc*., 631 F.3d 1210, 1212 (11th Cir. 2011); *Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir. 1983) (employer carries the burden of proving an FLSA exemption applies).

45.     Diwa, and the class of similarly situated sales representatives, cannot be classified as exempt under any applicable exemption in the FLSA.

46.     At no time did Defendants claim or assert any Retail Service 207(i) exemption applicable to Plaintiff, and the class of similarly situated, nor did they have a bona fide commission plan, and Plaintiff did not receive at least time and one half (1.5) of minimum wage for all hours worked.

47.     Further, Defendants cannot rely upon the administrative or executive exemptions as the inside sales representative position fails the salary basis test as Plaintiff were never paid a salary of at least $455.00 per week.

48.     Regardless, the position of an inside sales representative is not an exempt position, and does not satisfy any of the elements of an executive or administrative exemption. Moreover, the sales work of Plaintiff was completely inside telephonic sales.

49.     Defendants set quotas, production goals, and other metrics, which if not met, would result in termination of Plaintiff's employment, and reductions in their compensation.

50.     Plaintiff and the class of similarly situated employees were all willfully misclassified by Defendants as exempt employees.

51.     Alternatively, Plaintiff and the class of similarly situated were simply subjected to a willful policy and practice of Defendants refusing to pay overtime wages, and/or a De Facto Policy against paying overtime wages, coupled with their willful  practice of fraudulently editing

and shaving all overtime hours from the time records and simply refusing to comply with Section 207 of the FLSA.

52.     Upon information and belief, Defendants have employed 50 or more inside sales representatives and other customer service employees at certain times from their offices in Tampa, and upon information and belief, with turn over in the past three (3) years, the class of similarly situated, numbers in the range of 200.

53.     All company policies, pay practices and employment oversight is conducted from the corporate office in Tampa in a uniform policy applicable to all inside sales representatives.

54.     Defendants are required by the Fair Labor Standards Act to compensate Plaintiff and the putative class of similarly situated for all overtime hours worked at the overtime rate.

55.     Defendants willfully engaged in practices that denied Plaintiff and other similarly situated employees overtime compensation under the FLSA.

56.     Defendants are required, pursuant to the FLSA, to track and record the work hours for all non-exempt employees, and in this instance failed to do so.

57.     Alternatively, Defendants willfully manipulated, edited, deleted or shaved off hours worked from the time records of Plaintiff and the class of similarly situated to avoid records of overtime hours incurred in the event of a lawsuit or claim, and also to deceive, confuse and mislead employees.

58.     Defendants do not and cannot have a good faith basis under the FLSA or any other law for willfully refusing to pay Plaintiff, and the putative class of similarly situated, overtime wages for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

59.     Diwa brings this suit pursuant to Section 216(b) of the FLSA for recovery of overtime wages, on behalf of a collective class of similarly situated persons composed of:

**OVERTIME WAGE CLASS A:**

**ALL PERSONS CURRENTLY EMPLOYED WITH OMNI MANAGEMENT GROUP LLC, OR ALL SEASONS TRAVEL AND RESORT INC., D/B/A VACATION VILLAS OF FLORIDA OR EMPLOYED IN THE 3 YEARS PRECEDING THE FILING OF THIS COMPLAINT AS INSIDE SALES REPRESENTATIVES OR CUSTOMER SERVICE EMPLOYEES WORKING AS RESERVATIONISTS, TRAVEL CONSULTANTS OR SALES REPRESENTATIVES OR ANY OTHER TITLE USED TO DESCRIBE THE SAME POSITIONS**

60.     Diwa alleges on behalf of the Putative Classes who elect to opt-in to this action that they are entitled to unpaid overtime wages, as required by 29 U.S.C. § 207.

61.     The exact number of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but upon information and belief is upwards in the range of 200 to 350 persons.

62.     As a result of Defendants' willful violations of the FLSA overtime wage provision, Diwa and members of the Classes were unlawfully and grossly under-compensated for their work in violation of the FLSA.

63.     Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemptions apply in the instant matter to Plaintiff and the class of similarly situated.

64.     Defendants thumbed their noses at the wage laws, having been subjected to similar lawsuits and claims for allegedly willfully violating the minimum wage and overtime laws in the case of *Lentz, Bratton, et al v. All Seasons Travel and Resort Inc., Lawrence Flynn,*

Case No: 8:10-cv-02270-VMC-AEP, Middle District of Florida, which was settled in March 2011.

65.     Unless proven to be exempt from the protection of the FLSA, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

66.     Evidence reflecting the precise number of overtime hours worked by Diwa and every other member of the Class, as well as the applicable compensation rates, are in the possession of the Defendants.  If records are not available, Plaintiff and members of the Class may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946), cited by *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 848 (11th Cir. 2019).

67.     Diwa will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in collective actions and employment litigation.  Diwa has no interest that is contrary to, or in conflict with, members of the Class.

68.     A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for wrongs done to them by Omni, All Seasons, and the Flynn.

69.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the instant controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries.

70.     Furthermore, even if any member of the Class could afford individual litigation

against Defendants, it would be unduly burdensome to the judicial system.   The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.   Concentrating this litigation in one (1) forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

71.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.   The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

a.      Whether Diwa and the members of the Putative Classes were underpaid for all overtime hours worked in violation of the FLSA;

b.      Whether Defendants' actions of editing, withholding, and manipulating time tracking systems and records and otherwise willfully refusing to pay a premium for all overtime hours worked violates the FLSA and are unlawful pay practices under the FLSA;

c.      Whether Defendants failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Diwa and the putative Class; and

d.      Whether Defendants have willfully and without good faith, violated the overtime requirements of the FLSA, such that liquidated damages and a three (3) statute of limitations should apply.

72.     Diwa knows of no difficulty that will be encountered in the management of this litigation as a collective action or that would preclude a single trier of fact from determining the

damages owed to the classes.

73.     Pursuant to 20 U.S.C. § 216(b), Diwa seeks to prosecute the FLSA claims as a collective action on behalf of the Class.

74.     Notice of the pendency and any resolution of this action can be provided to Putative members of the classes by mail, print, and/or internet publication.

75.      Diwa brings this action as a collective action pursuant to Section 216(b) of the FLSA.

**COUNT I**
**UNPAID OVERTIME DUE UNDER SECTION 207 FLSA**
**THE FLSA:  216(b) COLLECTIVE ACTION**

76.     Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth in this Count.

77.     When hired, Plaintiff relied upon promises and representations from Defendants that he would be paid for all hours worked according to state and federal wage laws.

78.     At all relevant times, Defendants employed Diwa within the meaning of the FLSA.

79.     Defendants may have misclassified Plaintiff and all inside sales representatives as salaried, exempt employees, thereby refusing to pay or failing to pay overtime compensation due to Plaintiff and the class of inside sales representatives for hours worked in excess of forty (40) hours per week at rates of one and one half (1.5) times their regular rate of pay.

80.     Alternatively, Defendants simply refused to pay a premium for overtime hours worked for Plaintiff and the class of similarly situated.

81.     Defendants edited, shaved off, and removed overtime hours from time records,

and otherwise willfully withheld paying overtime wages as a policy to Plaintiff and all others similarly situated.

82.     Plaintiff and the class of similarly situated regularly worked overtime hours without being paid any compensation for their hours worked, despite having mandatory similar work schedules of Monday to Saturday, from 2pm to 10pm, (48 hours).

83.     Diwa routinely worked overtime hours, more than forty (40) hours in a workweek, without being paid a premium for all such hours worked.

84.     Through communications with co-workers, it was clear that Defendants subjected all employees to the same pay practice and De Facto Policy of editing and shaving of overtime hours, and had the same unlawful pay practices of refusing to pay a premium for all overtime hours worked.

85.     Plaintiff rarely took breaks, routinely worked through breaks, and even when he did take breaks, the breaks were less than thirty (30) minutes.

86.     Defendants have willfully violated the FLSA by misclassifying or treating its employees as exempt from overtime, or alternatively, by willfully refusing to pay Plaintiff and the class a premium for all overtime hours worked.

87.     Defendants maintained a scheme to willfully avoid the overtime wage laws of the FLSA by employing variable pay practices changed from week to week.  Defendants paid Diwa and the class of similarly situated either as a commission only employee paying solely commissions, while never paying any premium for overtime hours, or paying them as an hourly employees or "salaried" employees, while never paying a premium for overtime hours worked.

88.     Defendants determined which method would be higher for that employee for that

given week, not calculating or factoring in payment of an overtime premium at time and one half the employee's regular rate of pay, and then paying the employee the higher of the two methods. However, Defendants' comparisons are not accurate because Defendants' calculations under an hourly employee method do not include premiums overtime wages in their calculations.

89. More importantly, the flip flop on sometimes a weekly basis of the method of paying employees left Plaintiff and the class of similarly situated always confused as to what they were entitled to be paid and, if the pay they were receiving for the week was accurate and proper and in compliance with the FLSA.

90. Even when Defendants did pay Plaintiff and the class of similarly situated some flat salary sum, they made deductions from their pay various things such as "headsets", loans, and chargebacks.

91. Defendants' failure to pay Diwa and all similarly situated inside sales representatives overtime compensation at a rate no less than time and one-half (1.5) times their regular rate of pay for hours worked over forty (40) in each and every given workweek is a violation of the FLSA, specifically, 29 U.S.C. § 207.

92. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

93. Due to Defendants' FLSA violations, Diwa and the class of similarly situated employees has suffered damages, and are entitled to recover from Defendants the unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

94. Defendants do not have a good faith basis under the FLSA for misclassifying

Plaintiff and the class of similarly situated as exempt, or from willfully refusing to pay a premium to Plaintiff and the class of similarly situated for all overtime hours worked over forty (40) in a work week.

95.     Defendants knew that Plaintiffs and the class of similarly situated routinely worked more than forty (40) hours in a work week, and aside from willfully refusing to pay for all hours, also edited, shaved off and removed or manipulated time records to erase and conceal the overtime hours worked.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRETT DIWA, Individually and on behalf of all others similarly situated, prays for the following relief:

a.     An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to §216(b), and that this notice be sent to all past and present employees of Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b.     An order appointing Plaintiff Diwa as the respective class representative for the Putative Class of similarly situated inside sales representatives;

c.     A judgment finding that Defendants willfully and in bad faith violated the overtime compensation provisions of the FLSA;

d.     An order instructing Defendants cease the unlawful employment practices under the FLSA;

e.     That the Court award Plaintiff Diwa and the members of the putative Class overtime compensation for all the previous hours worked over forty (40) hours in a work week that they did not receive at least one and one-half (1.5) time compensation for in any given week during the past three (3) years, AND liquidated damages of an equal amount of the owed overtime, in addition to penalties and interest on said award pursuant to §216 of the FLSA;

f.     That the Court award Plaintiff Diwa a collective action representative incentive or service award for his effort and time dedicated to bringing justice through this action and the extra effort he put forth in leading this litigation;

g.     An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

h.     That the Court award any other legal and equitable relief as this Court may deem appropriate, including barring any retro-active applications of exemptions.

WHEREFORE, Plaintiff, Brett Diwa, individually and on behalf of all others similarly situated, seeks all damages available at law and in equity this court deems just and fair, and an award of reasonable attorney's fees and expenses of litigation.

Respectfully submitted July 9, 2019

*/s/ Mitchell Feldman*
Mitchell L. Feldman, Esquire
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366
Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: mhockensmith@feldmanlegal.us
*Attorney for Plaintiff, and the class of*
*similarly situated*